# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGEL TAMAYO, | ) | 1:12-cv-00510 LJO GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIMS |
| | ) | FOUND TO BE COGNIZABLE |
| R. FISHER, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

## I. Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the original complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

### A.     Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendant correctional officials employed by the CDCR at Kern Valley. Plaintiff names the following individual defendants: Associate Warden R. Fisher; Community Resource Manager W. Myers; Food Services Manager B. Farkas; Administrative Segregation (AdSeg) Officer Duke; John Doe AdSeg Officer. Plaintiff claims that Defendants have prevented him from the exercise of his religious beliefs in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Plaintiff is a Muslim inmate. Muslims celebrate the month of Ramadan, which requires them to fast during daylight hours. Plaintiff alleges that Muslims break their fast at sunset, and CDCR policy is to provide a hot meal to Muslims at sunset, along with a sack lunch to be eaten the next morning before sunrise. Plaintiff alleges that in 2010, Ramadan began in August. In July of 2010, Plaintiff advised all five defendants that he is a Muslim and would like to be placed on the list for Ramadan meals. Plaintiff alleges that Defendants ignored his request which prevented him from receiving Ramadan meals in 2010.

///

///

**B.     First Amendment and RLUIPA Claims**

Plaintiff has alleged facts sufficient to state a colorable claim for relief against Defendants Fisher, Myers, Farkas and Duke for a violation of the First Amendment and RLUIPA. As to the Doe Defendant, Plaintiff is advised that the Court cannot order service upon an unidentified defendant. In order for the Court to order service upon a defendant, Plaintiff must identify the individual defendant by name, and indicate where that defendant is employed and in what capacity. Plaintiff has not identified the Doe Defendant, and he should therefore be dismissed.

**III.    Conclusion and Order**

Plaintiff's complaint states claims under the First Amendment and RLUIPA against Defendants Fisher, Myers, Farkas and Duke for infringing on Plaintiff's exercise of his religious belief. Plaintiff has not, however identified Defendant Doe. Defendant Doe should therefore be dismissed. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of Defendant John Doe, and will forward to Plaintiff four summonses and four USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Fisher, Myers, Farkas and Duke for violations of the First Amendment and RLUIPA; and
3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 16, 2014**          /s/ Gary S. Austin
                                 UNITED STATES MAGISTRATE JUDGE