UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL TAMAYO,<br><br>             Plaintiff,<br><br>       vs.<br><br>R. FISHER, et al.,<br><br>             Defendants. | 1:12-cv-00510-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED WITH THE FIRST AMENDED COMPLAINT, ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS FISHER, REVEES, MYERS, AND DUKE FOR VIOLATION OF PLANTIFF'S RELIGIOUS RIGHTS UNDER RLUIPA AND THE FIRST AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FROM THIS ACTION FOR FAILURE TO STATE A CLAIM<br>(Doc. 12.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.      BACKGROUND

Angel Tamayo ("Plaintiff") is a former state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 8, 2012.  (Doc. 1.)  The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on May 19, 2014, requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed on the claims found cognizable by

the court. (Doc. 11.) On June 25, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 12.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the First Amended Complaint allegedly occurred at Pleasant Valley State Prison (PVSP) in Coalinga, California, when Plaintiff was incarcerated there.

Plaintiff names as defendants Fisher, Jr. (Associate Warden), Sergeant D. Revees, W. K. Myers (Community Resource Manager), B. Farkas (Food Service Manager), and Duke (Ad-Seg Officer) (collectively, "Defendants"). Defendants were all employed by the California Department of Corrections and Rehabilitation (CDCR) at PVSP at the time of the events at issue. Plaintiff's factual allegations follow.

In 2007, during Ramadan,[1] Plaintiff was transferred from the Richard C. Donovan Correctional Facility in San Diego to PVSP. Since Plaintiff was in Orientation and was unable to attend chapel, he let the officer who brought food to his cell know that he was a Muslim, and the prison made the proper arrangements for Plaintiff's meals to be served to him at the proper times required by his religion and pursuant to prison regulations and medical forms.

Around June 2010, Plaintiff sent request forms to defendant W. K. Myers to be added to the list of inmates fasting during the month of Ramadan. When he received no response, Plaintiff asked Officers Duke and Revees to assist him. When Plaintiff appeared before a committee, he asked defendant Fisher, Jr., to help him, and Fisher told him to talk to the Imam (religious leader). However, PVSP did not have an Imam at that time, as Brother Michael Salaam was no longer working there. So Plaintiff and his request were ignored. Plaintiff tried to save his food on writing paper in his cell, but when he left the cell for yard time or showers, prison officers would promptly remove it, to prevent growth of bacteria. Since Plaintiff was not able to save his food, and was not receiving food at times allowed by his religion, Plaintiff stopped taking any food for two and a half weeks in a hunger strike. Defendant Sergeant Revees ordered Plaintiff to be taken to a management cell for a few months. Finally, when Plaintiff was given food, defendant Farkas would not "substitute anny (*sic*) ice treats." (First Amd. Cmp. at 4 ¶1.)

Plaintiff requests monetary damages and injunctive relief.

///

---

[1] Ramadan is the ninth month of the Muslim calendar and the holy month of fasting, during which Muslims are obliged to refrain between dawn and dusk from food, drink, and certain behaviors. Encyclopedia Britannica, http://www.britannica.com.EBchecked/topic/490415/Ramadan (last visited Apr. 6, 2015).


IV. **PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by
>
> the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

A. **Defendant Farkas**

Plaintiff's only allegation against defendant Farkas is that Farkas would not "substitute anny (*sic*) ice treats" in Plaintiff's food. (First Amd. Cmp. at 4 ¶1.) This allegation, without more, fails to state any claim under § 1983. The fact that Plaintiff was deprived of, or forced to take, "ice treats" in his food does not rise to the level of any cognizable federal claim. Therefore, the court finds that Plaintiff fails to state any claims under § 1983 against defendant Farkas.

B. **Rights to Practice Religion – RLUIPA and the First Amendment**

1. **RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly

impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

Here, Plaintiff alleges that he notified all five defendants in July 2010 that he is a Muslim and would like to be placed on the list for Ramadan meals, but defendants Fisher, Myers, Revees, and Duke ignored his requests, which prevented him from receiving Ramadan meals in 2010. The court finds these allegations sufficient to state a colorable claim for relief against defendants Fisher, Myers, Revees, and Duke for violation of RLUIPA.

### 2.  **First Amendment**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman, 125 F.3d at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id., 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

///

Here, as in Plaintiff's RLUIPA claim, Plaintiff indicates that he was substantially burdened in his religious practice by Defendants.  Therefore, the court finds that Plaintiff states a cognizable claim against defendants Fisher, Myers, Revees, and Duke for violation of his First Amendment rights to exercise his religion.

### C.     Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation.  Id. at 731.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

///

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff's deprivation of Ramadan meals, which caused him to go without any food during part of Ramadan, was a sufficiently serious deprivation. However, Plaintiff has not alleged facts showing that any of the Defendants acted or failed to act while knowing of and consciously disregarding an excessive risk to Plaintiff's health or safety. Moreover, Plaintiff has not alleged any injury as a result of fasting, some which was self-imposed. Therefore, the court finds that Plaintiff fails to state a cognizable Eighth Amendment claim against any of the Defendants.

### D. CLAIM FOR INJUNCTIVE RELIEF

Plaintiff requests monetary damages and injunctive relief. Plaintiff currently resides at a street address in South Gate, California, and the past events at issue in this action occurred at PVSP. When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Therefore, Plaintiff's claim for injunctive relief against officials at PVSP is moot because Plaintiff is no longer incarcerated at PVSP and therefore is not subject to conduct by those officials. Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

///

## V.   CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff states cognizable claims against defendants Fisher, Revees, Myers, and Duke for violation of his religious rights under RLUIPA and the First Amendment. However, Plaintiff fails to state any other cognizable claims against any of the Defendants. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be allowed to proceed with the First Amended Complaint, on Plaintiff's RLUIPA and First Amendment claims against defendants Fisher, Revees, Myers, and Duke for violation of Plaintiff's rights to practice his religion;
2. All other claims and defendants be dismissed from this action for Plaintiff's failure to state a claim under § 1983;
3. Plaintiff's Eighth Amendment claims be dismissed for Plaintiff's failure to state a claim under § 1983;
4. Defendant Farkas be dismissed from this action based on Plaintiff's failure to state any claims against him; and
5. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v.
///

Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **April 9, 2015**               /s/ Gary S. Austin
                                                                                 UNITED STATES MAGISTRATE JUDGE